Patricia WARD, Individually and In Her Capacity as Plaintiff Ad Litem for Nona Woods and Darrell Woods, Individually and In His Capacity as Plaintiff Ad Litem for Nona Woods[1], Respondents,

v.

NATIONAL HEALTHCARE CORPORATION, et al., Charleston Manor Nursing, LLC, et al., Appellants.

No. SC 89392.

Supreme Court of Missouri, En Banc.

Jan. 13, 2009.

Jon W. Jordan, Stephen M. Strum, Thais Ann Folta, Sandberg, Phoenix & von Gontard, P.C., St Louis, for appellants.

Brian G. Brooks, Greenbriar, AR, David Terry, Terry Law Firm, L.L.C., St. Louis, Deborah Truby Riordan, Wilkes & McHugh, P.C., Little Rock, AR, for respondents.

MICHAEL A. WOLFF, Judge.

Plaintiff Patricia Ward's mother, Nona Woods, was placed in NHC Healthcare, a nursing care facility, in May 2003. At the time of Woods' admission, another of her daughters, Bobby Rouse, signed an "Admission and Financial Contract," which contained an arbitration provision. Woods' signature also appears on the agreement. Woods died in October 2003.

Ward filed a wrongful death suit against the nursing care facility in 2005. The NHC defendants subsequently filed a motion to enforce the arbitration clause, which the trial court overruled.

---

1. Patricia Ward and Darrell Woods are children of the decedent, Nona Woods. Each is listed in the caption as "Plaintiff Ad Litem." Children of the decedent are entitled to bring a wrongful death action as plaintiffs under section 537.080.1(1). RSMo 2000. A "plaintiff ad litem" is a person appointed by a court to maintain the wrongful death suit under section 537.080.1(3) if there are no relatives

of the decedent in the classes of persons described in section 537.080(1) or (2). Under the statute, Ms. Ward and Mr. Woods are plaintiffs; they are not plaintiffs ad litem. Section 537.095 provides that not all persons described in the statute as plaintiffs need to join in the action. The person prosecuting the wrongful death action does so on behalf of all those who may be entitled to recover.

The NHC defendants appealed. After the Court of Appeals, Southern District, dismissed the appeal, the case was transferred to this Court pursuant to Rule 83.04 For the reasons discussed in *Dale Lawrence v. Beverly Manor*, 273 S.W.3d 525 (Mo. banc 2009), the judgment of the circuit court is affirmed.

The only relevant factual distinction between this case and *Lawrence* is that, in this case, Bobby Rouse as well as the decedent, Nona Woods, signed the arbitration agreement. The signature line under Rouse's name indicates that Rouse signed as Woods' "Legal Representative."

Rouse is not an attorney, nor was she her mother's guardian, nor had she been given durable power of attorney or any other legally binding status as her mother's agent. The phrase "legal representative," in the absence of something indicating some status conferred by law or by a court, has no legal meaning.

The phrase "legal representative" may have some factual significance in this situation, however. The words "legal representative" under Rouse's signature make clear that Rouse was not signing in her individual capacity or on her own behalf as a potential member of a class of wrongful death plaintiffs. Rouse's signature on the agreement carries no legally binding weight regarding the arbitration of a wrongful death claim. The arbitration agreement is not binding on Rouse or any of the other members of the class of wrongful death plaintiffs.

The judgment of the circuit court is affirmed.

All concur.